CV-10 2310

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2010 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————X

Debra Triolo

               **Plaintiff**

-against-

Penncro Associates, Inc.

               **Defendant**
——————————————————X

Docket No. SEYBERT

BOYLE, M.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt. The Defendant left automated messages on the Plaintiff's mother's answering machine indicating that the Plaintiff owed a debt and was in collections.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.      According to 15 U.S.C. 1692:

(a)      There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, DEBRA TRIOLO, is a natural person residing in SUFFOLK County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, PENNCRO ASSOCIATES, INC. (hereinafter PENNCRO), is a corporation engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. Plaintiff incurred a consumer credit card debt ("the debt"). The alleged debt of Plaintiff was incurred for personal, family, or household services, and not for any business purpose.

10. Unfortunately, and for reasons beyond her control, Plaintiff was unable to repay such debt on time.

11. At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect such debt. Defendant has not produced, nor has Plaintiff seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

12. In the month of February 2010, on at least two occasions, the Defendant telephoned the Plaintiff's parents house and left a message on the answering machine of the Plaintiff's parents. The messages left by the Defendant on the Plaintiff's parents' answering service disclosed that the Plaintiff allegedly owed a debt which the Defendant was attempting to collect.

13. The message stated:

*This is a message for Debra Triolo. If you are not Debra Triolo please hang up or disconnect. If you are Debra Triolo, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listening to this message you acknowledge that you are Debra Triolo. This is Penncro Associates. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about an important business matter at 1 800 678-1826. Thank you.*

14. The messages left by the Defendant on the answering service of the Plaintiff's parents were overheard by Plaintiff's parents.

15. The outbound message that was on the answering machine called by the Defendant's automated machine contained a greeting in a male voice, and was clearly not the female Plaintiff.

16. The Plaintiff never gave the Defendant consent to communicate with any third party in connection with the collection of the debt.

17. The Plaintiff did not give the Defendant the telephone number where Defendant left the automated messages.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19. Defendant's actions as described herein violated 15 U.S.C Section 1692c(b) in that the message disclosed to a person other than the consumer that the Defendant was attempting to collect a debt from Plaintiff. (See *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008).

## VI. DAMAGES

20. Because of the acts and omissions of Defendant as herein described, the Plaintiff has suffered an invasion of her privacy, embarrassment, and humiliation. In

addition, Defendant's acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages pursuant to the FDCPA,

2. Statutory damages pursuant to the FDCPA;

3. Costs and reasonable attorney's fees pursuant to the FDCPA;

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff